IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL ROMAN,

     Plaintiff,

     v.                                                    CASE NO.  26-3011-JWL

JEFFERY MILLER, et al.,

     Defendants.

MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Samuel Roman is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sumner County Jail in Wellington, Kansas.  Plaintniff has paid the filing fee.

Plaintiff's claims relate to his state court criminal proceedings.  Plaintiff alleges that on September 23, 2022, Sumner County Sheriff's officials arrived at Plaintiff's house and conducted a warrantless search and seizure.  (Doc. 1, at 2.)  Plaintniff alleges that the state court judge allowed this miscarriage of justice and fruit from the poisonous tree.  *Id*. at 3. Plaintiff alleges that he should not be in jail.  *Id*.  He claims he was wrongly arrested, prosecuted, and sentenced "by a concerted sham of due process."  *Id*. at 5.  Plaintiff claims that he was criminally charged for something that should have been pursued through administrative means because he holds a license as a kennel owner/operator.  *Id*. at 6–7.  Plaintiff seeks restoration of his property and pets, and compensatory damages for lost wages and pain and suffering.  *Id*. at 9.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Prior Case

Plaintiff filed a prior case in this Court alleging similar claims regarding his state criminal

proceedings.  *See Roman v. Miller*, Case No. 23-1208-KHV-BGS (D. Kan.) (filed Sept. 26, 2023).  In that case, the Court dismissed "plaintiff's claims because (1) such claims are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and (2) under <u>Younger v. Harris</u>, 401 U.S. 37 (1991), the Court must abstain from exercising jurisdiction over plaintiff's claims."  *Roman v. Miller*,  Case No. 23-1208-KHV-BGS, Doc. 20 (D. Kan. March 14, 2024).  Despite the Court's ruling in Case No. 23-1208, Plaintiff has raised the same claims in his current case despite his pending state court proceedings.  The same rationale for the Court's dismissal in Case No. 23-1208 applies to Plaintiff's current case.

### 2. Younger Abstention

To the extent Plaintiff's claims relate to his state criminal proceedings in Sumner County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are pending.  *See State v. Roman*, Case No. SU-2022-CR-000252 (District Court of Sumner County, Kansas).  Plaintiff

appealed the District Court's judgment, and the Kansas Court of Appeals affirmed the decision on May 9, 2025.  *See* Appellate Court No. 24-127188-A.  On September 19, 2025, the Kansas Supreme Court denied the petition for review.  *Id.*  On October 3, 2025, Plaintiff filed a Notice of Intent to File Petition for Writ of Certiorari.

It appears that Plaintiff's state court criminal proceedings are pending and therefore the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  Plaintiff's claims may be stayed pending the resolution of the pending criminal case.  *See Garza v. Burnett*, 672 F.3d 1217,

1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876

F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff should show good cause why the Court should not abstain from hearing his

claims regarding his state court proceedings in the District Court of Sumner County, Kansas.

Plaintiff should indicate the status of any petition for writ of certiorari that he filed and should

indicate if he is seeking a stay pending resolution of that petition.

### 3. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his

federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a

state prisoner who is making a constitutional challenge to the conditions of his prison life, *but*

*not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973)

(emphasis added).  When the legality of a confinement is challenged so that the remedy would be

release or a speedier release, the case must be filed as a habeas corpus proceeding rather than

under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court

remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v.*

*McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by

prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of

available state court remedies).  "Before a federal court may grant habeas relief to a state

prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner

must give the state courts an opportunity to act on his claims before he presents those claims to a

federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see*

*Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982);

Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.  Plaintiff

should show cause why his Complaint should not be dismissed as not properly brought in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated.

## IV. Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **February 17, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed or stayed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 16, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**