IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL ROMAN,

    **Plaintiff,**

    v.                                                                                       CASE NO. 26-3011-JWL

JEFFERY MILLER, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sumner County Jail in Wellington, Kansas. Plaintniff has paid the filing fee. On January 16, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 2) ("MOSC") granting Plaintiff until February 17, 2026, to show good cause why the Court should not abstain from hearing his claims regarding his state court criminal proceedings in the District Court of Sumner County, Kansas. This matter is before the Court on Plaintiff's Motion for Extension of Time (Doc. 3).

    In his motion, Plaintiff objects to the term "pro se," arguing that he is a man, not "pro se." (Doc. 3, at 1.) Plaintiff requests a 60-day extension of time, arguing that "[i]t is near impossible to gather all information requested, and 10 days before the first deadline request more information makes it impossible . . . I have many defendants to address in my complaint." *Id*. Along with his motion, Plaintiff submitted the transcript from his state court motion to suppress and motion to dismiss hearing. (Doc. 3–1.) The transcript is from a July 21, 2023 hearing in his state court proceedings. *Id*. at 1. Plaintiff has not mentioned it in his motion or otherwise indicated why it is relevant.

    The Court found in the MOSC that online records show that Plaintiff's criminal

1

proceedings are pending. *See State v. Roman*, Case No. SU-2022-CR-000252 (District Court of Sumner County, Kansas). Plaintiff appealed the District Court's judgment, and the Kansas Court of Appeals affirmed the decision on May 9, 2025. *See* Appellate Court No. 24-127188-A. On September 19, 2025, the Kansas Supreme Court denied the petition for review. *Id*. On October 3, 2025, Plaintiff filed a Notice of Intent to File Petition for Writ of Certiorari. The Court ordered Plaintiff to "indicate the status of any petition for writ of certiorari that he filed and [to] indicate if he is seeking a stay pending resolution of that petition." (Doc. 2, at 6.)

Plaintiff has not explained why he needs an additional 60 days to tell the Court the status of his state court proceedings. Plaintiff should know whether or not he filed a petition for writ of certiorari with the United States Supreme Court and should have been able to at least determine the status of his state court proceedings in the 32-day period the Court granted him to respond to the MOSC. Therefore, the Court will grant Plaintiff a one-week extension of time to respond to the Court's MOSC at Doc. 2.

Online records do not reflect that Plaintiff filed a petition for writ of certiorari within the allowed time. Plaintiff filed the notice and "Defendant's Motion for Release After Conviction Pending Certiorari" on October 3, 2025. In the motion, he references his "forthcoming" petition for writ of certiorari. On October 21, 2025, the state court denied the motion finding it to be without merit. The state court docket does not reflect that a petition for writ of certiorari was actually filed. The website for the Supreme Court of the United States does not reflect that Plaintiff filed a petition for writ of certiorari.[1] The Rules of the Supreme Court of the United States allow petitioners ninety days from the date of entry of judgment in the highest state court—in Kansas, the Kansas Supreme Court—to seek certiorari. Sup. Ct. R. 13(1). The Kansas Supreme Court

---

[1] *See* https://www.supremecourt.gov/docket/docket.aspx?Search=&type=Docket (last visited February 12, 2026).

denied the petition for review on September 19, 2025.

The Court advised Plaintiff in the MOSC that to the extent he challenges the validity of his state criminal case, his federal claim must be presented in habeas corpus. (Doc. 2, at 6.) The Court also found that "before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question." *Id*. at 7 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Plaintiff has not alleged that the conviction or sentence has been invalidated.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 3) is **granted in part.** The motion is granted to the extent that the Court will grant Plaintiff a one-week extension of time to respond to the Court's MOSC at Doc. 2.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 24, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed or stayed for the reasons stated in the Court's MOSC at Doc. 2.

**IT IS SO ORDERED**.

**Dated February 12, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE