**FILED**
**U.S. District Court**
**District of Kansas**
02/26/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

SAMUEL ROMAN,

    **Plaintiff,**

    v.                              CASE NO.  26-3011-JWL

JEFFERY MILLER, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sumner County Jail in Wellington, Kansas.  Plaintniff has paid the filing fee.  On January 16, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 2) ("MOSC") granting Plaintiff until February 17, 2026, in which to show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Sumner County, Kansas.

The Court found in the MOSC that Plaintiff's claims relate to his state court criminal proceedings, and that online records show that Plaintiff's criminal proceedings are pending.  *See State v. Roman*, Case No. SU-2022-CR-000252 (District Court of Sumner County, Kansas).  Plaintiff appealed the District Court's judgment, and the Kansas Court of Appeals affirmed the decision on May 9, 2025.  *See* Appellate Court No. 24-127188-A.  On September 19, 2025, the Kansas Supreme Court denied the petition for review.  *Id*.  On October 3, 2025, Plaintiff filed a Notice of Intent to File Petition for Writ of Certiorari.

The Court noted that Plaintiff filed a prior case in this Court alleging similar claims regarding his state criminal proceedings.  *See Roman v. Miller*, Case No. 23-1208-KHV-BGS (D. Kan.) (filed Sept. 26, 2023).  In that case, the Court dismissed "plaintiff's claims because (1) such

claims are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and (2) under <u>Younger v. Harris</u>, 401 U.S. 37 (1991), the Court must abstain from exercising jurisdiction over plaintiff's claims." *Roman v. Miller*, Case No. 23-1208-KHV-BGS, Doc. 20 (D. Kan. March 14, 2024). Despite the Court's ruling in Case No. 23-1208, Plaintiff raised the same claims in his current case despite his pending state court proceedings. The Court found in the MOSC that the same rationale for the Court's dismissal in Case No. 23-1208 applies to Plaintiff's current case. The Court ordered Plaintiff to:

> show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Sumner County, Kansas. Plaintiff should indicate the status of any petition for writ of certiorari that he filed and should indicate if he is seeking a stay pending resolution of that petition.

(Doc. 2, at 6.)

Plaintiff sought an extension of time to respond to the MOSC. (Doc. 3.) Plaintiff requested a 60-day extension of time, arguing that "[i]t is near impossible to gather all information requested, and 10 days before the first deadline request more information makes it impossible . . . I have many defendants to address in my complaint." *Id*. Along with his motion, Plaintiff submitted the transcript from his state court motion to suppress and motion to dismiss hearing. (Doc. 3–1.) The transcript is from a July 21, 2023 hearing in his state court proceedings. *Id*. at 1. Plaintiff did not mention it in his motion for an extension of time, or otherwise indicate why it was relevant.

On February 12, 2026, the Court entered a Memorandum and Order granting Plaintiff an extension of time to February 24, 2026. (Doc. 4.) The Court noted that in the MOSC the Court ordered Plaintiff to "indicate the status of any petition for writ of certiorari that he filed and [to] indicate if he is seeking a stay pending resolution of that petition." Doc. 4, at 2 (citing Doc. 2, at 6). The Court found that Plaintiff failed to explain why he needed 60 additional days to tell the

Court the status of his state court proceedings. *Id*. The Court noted that "Plaintiff should know whether or not he filed a petition for writ of certiorari with the United States Supreme Court and should have been able to at least determine the status of his state court proceedings in the 32-day period the Court granted him to respond to the MOSC." *Id*. The Court granted Plaintiff a one-week extension of time, stating that:

> Online records do not reflect that Plaintiff filed a petition for writ of certiorari within the allowed time. Plaintiff filed the notice and "Defendant's Motion for Release After Conviction Pending Certiorari" on October 3, 2025. In the motion, he references his "forthcoming" petition for writ of certiorari. On October 21, 2025, the state court denied the motion finding it to be without merit. The state court docket does not reflect that a petition for writ of certiorari was actually filed. The website for the Supreme Court of the United States does not reflect that Plaintiff filed a petition for writ of certiorari. The Rules of the Supreme Court of the United States allow petitioners ninety days from the date of entry of judgment in the highest state court—in Kansas, the Kansas Supreme Court—to seek certiorari. Sup. Ct. R. 13(1). The Kansas Supreme Court denied the petition for review on September 19, 2025.

*Id*. at 2–3 (footnoted omitted).

Despite the Court's instructions for Plaintiff to indicate whether or not he actually filed a petition for writ of certiorari, he has filed a 445-page response to the MOSC that addresses the merits of his claims and fails to indicate the status of his state court proceedings. *See* Doc. 6. He asks the Court to read all the attached transcripts to "find constitutional, cannon, Bill of Rights, Declaration of Independence, Hauge Convention, violations which the likes are unimaginable." *Id*. at 2. Plaintiff claims that by reading the transcripts, the Court "will see how appointed attorney helped judge (Mott) win the case by violating Amendment V of the Constitution, and the Kansas Bill of Rights completing disregarding the Law of God." *Id*. The remainder of Plaintiff's response cites Bible verses; sets forth the details relating to his property and dog kennels, the search and seizure of his property, and his criminal charges; and makes arguments regarding his state court

criminal proceedings. *Id*. at 3–69. Plaintiff asks the Court to "interv[e]ne and release an innocent man from jail for a crime never committed." *Id*. at 36–37. Most of Plaintiff's response addresses the search and seizure that resulted in his criminal charges. He takes issue with the state district court's decision that the open fields doctrine applied, and the state appellate court's finding that the district court did not err in that decision. Plaintiff argues that his dog kennels are in the curtilage of his home. Plaintiff claims that there was no probable cause for the first search and therefore evidence found during a second search done pursuant to a search warrant was fruit of the poisonous tree. *Id*. at 65. Plaintiff attaches to his response: the transcript from his September 11, 2023 motion hearing in state court (Docs. 6–1, 6–2); the transcript from his July 5, 2023 motion hearing in state court (Doc. 6–3); the transcript from his October 5, 2023 bench trial (Docs. 6–4, 6–5, 6–6); and the transcript from his October 10, 2023 bench trial and sentencing (Docs. 6–7, 6–8, 6–9).

Plaintiff's response fails to address whether or not he filed a writ for certiorari or the status of his state court criminal proceedings. The website for the Supreme Court of the United States does not reflect that Plaintiff filed a petition for writ of certiorari.[1] Although Plaintiff filed a notice of his intent to file a petition for writ of certiorari, nothing in his state court criminal docket or the Supreme Court's website reflect that he actually filed one. Plaintiff's state court criminal docket does not reflect any new filings since the Court entered the MOSC. *See State v. Roman*, Case No. SU-2022-CR-000252 (District Court of Sumner County, Kansas). Therefore, it appears that Plaintiff's state court proceedings have concluded, and Plaintiff has not argued otherwise. If Plaintiff had shown that his state court proceedings were still pending, this Court would abstain under *Younger*. However, it appears that Plaintiff failed to file a petition for writ of certiorari within the proscribed time and that his state court proceedings have concluded.

---

[1] *See* https://www.supremecourt.gov/docket/docket.aspx?Search=&type=Docket (last visited February 26, 2026).

The court advised Plaintiff in the MOSC that he must file a habeas petition to challenge his sentence and conviction. Any challenges to the validity of his sentence in his state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence or conviction is not cognizable in a § 1983 action.

Plaintiff seeks monetary damages in this action. (Doc. 1, at 9.) Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme

Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated, and his state court docket does not reflect an invalidation.  Therefore, this action seeking damages is barred by *Heck*.

Plaintiff has filed a "Motion for Due Process of Law for a Civilian" (Doc. 5).  Plaintiff asks this Court "to proceed in the States-conferred jurisdiction of civilian due process of law." (Doc. 5, at 1.)  Plaintiff attaches irrelevant documents purporting to show that he is a "Pre-March 9, 1933, Private Citizen of the United States Private American National/Non-'U.S. citizen.'"  *See* Doc. 5–1. The Court is dismissing this case, and nothing in Plaintiff's motion addresses the issues in this case.  The motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Due Process of Law for a Civilian (Doc. 5) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** as barred by *Heck.*

**IT IS SO ORDERED**.

**Dated February 26, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**