**FILED**
**U.S. District Court**
**District of Kansas**
03/10/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL ROMAN,

     Plaintiff,

     v.                          CASE NO.  26-3011-JWL

JEFFERY MILLER, et al.,

     Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sumner County Jail in Wellington, Kansas.  On February 26, 2026, the Court entered a Memorandum and Order (Doc. 7) dismissing this matter as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  This matter is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 9) filed on March 9, 2026.

Plaintiff's motion continues to make claims regarding his state court criminal proceedings, including claims regarding a lack of probable cause, an unlawful search and seizure, and errors during his court proceedings.  (Doc. 9, at 1–24.)  Plaintiff argues that he is innocent and falsely convicted.  *Id*. at 9, 17.  Plaintiff does not attach a proposed amended complaint as required by the Court's Local Rules.  *See* D. Kan. Rule 15.1(a)(2).

Plaintiff also fails to address the *Heck* bar in his motion.  On January 16, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 2) noting that Plaintiff had been advised about *Younger* abstention and the *Heck* bar in his prior case filed in this Court.  *See Roman v. Miller*, Case No. 23-1308-KHV-BGS (D. Kan. ) (filed Sept. 26, 2023).   In the Court's Memorandum and Order dismissing Plaintiff's current case, the Court found that Plaintiff failed to indicate that his state court proceedings were ongoing, because he failed to notify the Court that

1

he had filed a petition for writ of certiorari with the United States Supreme Court. Although Plaintiff filed a notice indicating he intended to file a petition for writ, there was no indication that he ever filed one within the allowed time. *See* Doc. 7, at 3–4 (noting that although Plaintiff filed a notice of his intent to file a petition for writ of certiorari, nothing in his state court criminal docket or the Supreme Court's website reflect that he actually filed one). Plaintiff also failed to notify the Court that he had filed one. The Court held that "it appears that Plaintiff's state court proceedings have concluded, and Plaintiff has not argued otherwise." *Id*. at 4.

The Court found that Plaintiff failed to allege that his conviction or sentence has been invalidated, and that the state court docket does not reflect an invalidation. *Id*. at 6. The Court found that therefore "this action seeking damages is barred by *Heck*."[1] *Id*. Nothing in Plaintiff's motion to amend suggests otherwise. Plaintiff's motion is denied, and this case remains closed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 9) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated March 10, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[1] The Court also advised Plaintiff that he must file a habeas petition to challenge his sentence and conviction. (Doc. 7, at 5.)