IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL ROMAN,

      Plaintiff,

      v.                                CASE NO. 26-3011-JWL

JEFFERY MILLER, et al.,

      Defendants.

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sumner County Jail in Wellington, Kansas. On February 26, 2026, the Court entered a Memorandum and Order (Doc. 7) dismissing this matter as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On March 9, 2026, Plaintiff filed a motion to amend, and the Court denied the motion on March 10, 2026. (Docs. 9, 10.) This matter is before the Court on Plaintiff's second Motion to Amend Complaint (Doc. 11) filed on March 26, 2026.

Plaintiff's first motion to amend was filed after this case was dismissed. In denying Plaintiff's first motion to amend, the Court found that Plaintiff continued to make claims regarding his state court criminal proceedings, failed to address the *Heck* bar, failed to allege that his conviction or sentence had been invalidated, and that the state court docket did not reflect an invalidation. (Doc. 10, at 1–2.) The Court also found that Plaintiff failed to attach a proposed amended complaint as required by the Court's Local Rules. *See* D. Kan. Rule 15.1(a)(2).

Plaintiff's current motion also fails to attach a proposed amended complaint as required by the Court's Local Rules. Instead, Plaintiff has attached 48 pages of exhibits and filed a separate

1

349-page supplement.[1]  (Docs. 11–1 and 12.)  Most of the pleadings are copies of transcripts and documents from his state criminal proceedings.  *Id*.

Plaintiff seeks to change the Plaintiff's name in this case to Tree of Life Kennels, Arise Up LLC, and Summer Faye Roman (Plaintiff's wife).  (Doc. 11, at 1.)  Plaintiff then suggests that the *Heck* bar would no longer apply because the newly-named businesses are owned by Summer F. Roman.  *Id*.  He argues that his claims should also be considered his wife's claims because "in the eyes of the law we are one."  (Doc. 11–1, at 1.)  It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else.  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted).  To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury."  *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).  This case is closed.  If Plaintiff's wife believes she has claims based on the violation of her own constitutional rights, she should bring her own cause of action.[2]

The Court dismissed this case, finding that "this action seeking damages is barred by *Heck*."[3]  (Doc. 10, at 2) (citing Doc. 7, at 6.)  The Court denied Plaintiff's first motion to amend, finding that nothing in Plaintiff's motion suggested otherwise.  *Id*  The same reasoning applies to Plaintiff second motion to amend.  Plaintiff's second motion to amend is denied, and this case remains closed.  Any further motions filed in this closed case may be summarily denied.

---

[1]  Plaintiff's exhibits and supplement contain arguments regarding his state court proceedings, including the search and seizure conducted on his property.  Plaintiff also includes hundreds of pages of state court transcripts and documents filed in his state court criminal proceedings.

[2] Plaintiff has signed the motion to amend and the other documents contained in his exhibits and supplement.  It does not appear that Plaintiff's wife has signed any of the documents.  The motion contains a statement that it is "signed for" Plaintiff's wife.  (Doc. 11, at 1.)

[3]  The Court also advised Plaintiff that he must file a habeas petition to challenge his sentence and conviction.  (Doc. 7, at 5.)

Plaintiff continues to file voluminous documents in this closed case.  The documents are received in the mail and require Court staff to scan each page.  These filings—filed in a closed case—present an undue burden on limited Court resources.  If Plaintiff continues to file voluminous documents in this closed case, the Court may consider filing restrictions.

**IT IS THEREFORE ORDERED** that Plaintiff's second Motion to Amend Complaint (Doc. 11) is **denied.**  This case remains closed.

**IT IS SO ORDERED**.

**Dated March 27, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**